**Michael R. EDWARDS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 12–82–0040–CR.

Court of Appeals of Texas, Tyler.

March 10, 1983.

Howard D. Pattison, Athens, for appellant.

Richard Handorf, Dist. Atty., Athens, for appellee.

COLLEY, Justice.

Appellant was convicted of burglary of a building, and his punishment was assessed by the jury at eight years confinement in the Texas Department of Corrections and a fine of two thousand dollars.

By the second of his two grounds of error appellant contends that the evidence is insufficient to support his conviction because the testimony of an accomplice witness in the case was not sufficiently corroborated.

The record reflects that the appellant was arrested in Kaufman, Texas, during the early morning hours of December 6, 1979. At the time of his arrest he and David Burton were passengers in an automobile operated by Donald Stephens. A short while before the arrest of appellant in Kaufman, the car in which he was riding at the time of his arrest had been observed by Officer Sanders of the Kemp Police Department parked near the downtown area of Kemp. Donald Stephens was the lone occupant of the vehicle at that time. Because Officer Sanders had received a "CB" radio message that two men were seen standing near a building in Kemp approximately at the location where the vehicle was parked, Sanders approached the vehicle operated by Stephens and was informed by Stephens that we was having car trouble. The officer loaned Stephens a flashlight to work on his car. Shortly thereafter Stephens made a U-turn and headed west towards Kaufman. Sanders followed the vehicle to the Kemp city limits and then radioed a police unit in Kaufman, giving a description of the vehicle and its registration number. He advised Kaufman Police Department to stop the car if it contained more than one occupant because he wanted to speak to them. The car was stopped in Kaufman because the car had three occupants, appellant, Stephens and David Burton. Sanders, after being notified of the stop in Kaufman of the vehicle driven by Stephens, proceeded to Kaufman to the location where the vehicle was being detained by a Kaufman police unit. Appellant had been arrested on an outstanding traffic warrant and was in the Kaufman police vehicle when Sanders arrived at the scene. The vehicle driven by Stephens was searched and certain properties were recovered by the police therefrom which later proved to be items taken in four separate burglaries in Athens, Texas, the night before and within two or three hours of the search. All three occupants of the vehicle, Stephens, Burton and appellant, were jailed in Kaufman and the next morning were released to Athens police authority.

Appellant was indicted in this case for burglary of the Pea Patch, a restaurant in Athens, Texas. While the record is not entirely clear, we deduce therefrom that Burton was indicted for one of four burglaries committed in Athens on either the night of December 5, 1979, or during the early morning hours of December 6, 1979, pleaded guilty pursuant to a plea bargain agreement and received an eight year probated sentence. The trial court in assessing Burton's punishment took into account the

remaining three burglaries (including the burglary of the Pea Patch) in assessing Burton's punishment pursuant to Section 12.45, V.T.C.A., Penal Code.

Burton testified at appellant's trial for the State and the jury was instructed that Burton was an accomplice as a matter of law and the jury was further instructed in accordance with Article 38.14, V.A.C.C.P.

■ We have carefully reviewed the record and conclude that, disregarding the testimony of David Burton, the accomplice witness, the evidence is wholly insufficient to corroborate the accomplice's testimony. In evaluating the non-accomplice evidence we adhere to well-established principles to determine whether or not the same is sufficient to corroborate the accomplice testimony as required by Article 38.14, V.A.C.C.P.; that is, such evidence need not directly link the appellant to the burglary, nor be sufficient of and in itself to establish his guilt; and it need only to render the accomplice witness' testimony more likely than not. *Eckert v. State,* 623 S.W.2d 359 (Tex.Cr. App.1981); *McManus v. State,* 591 S.W.2d 505 (Tex.Cr.App.1979). However, to be sufficient corroboration, such non-accomplice evidence must be of incriminating character tending to connect the appellant with the burglary of the Pea Patch. *McManus v. State, supra; Bentley v. State,* 520 S.W.2d 390 (Tex.Cr.App.1975). In reviewing the record we also follow the proposition that each case must be considered on its own merits. *Walker v. State,* 615 S.W.2d 728 (Tex.Cr.App.1981).

■ At best, the State's case against the appellant, outside of Burton's testimony, shows only that appellant at the time of his arrest was a passenger in an automobile driven by Donald Stephens; that a box of frozen meat and a black metal money box identified as "fruits" of the burglary of the Pea Patch were found in the automobile occupied by the appellant. The evidence further shows that the black box was in the trunk of the automobile, but fails to demonstrate where the meat was located in the automobile at the time of the seizure by the police in Kaufman, Texas. Such evidence fails to show where the appellant was seated in the automobile at the time of his arrest. Thus we conclude that not only did the State fail to produce evidence establishing the appellant's exclusive or joint possession and control of the fruits of the burglary of the Pea Patch, but failed to produce any evidence tending to connect him to the commission of the burglary of the Pea Patch. The Court of Criminal Appeals in *Rubio v. State,* 121 Tex.Cr.R. 621, 50 S.W.2d 294 (Tex.Cr.App.1932), held that corroborating testimony regarding possession by an accused of recently stolen property to be sufficient corroboration must show exclusive possession by the accused. Such is not shown by this record. The mere presence of the appellant in the company of Burton shortly after the commission of the offense is not in and of itself sufficient corroboration to support the conviction in this case. *Meyers v. State,* 626 S.W.2d 778 (Tex.Cr. App.1982).

In making our evaluation of the non-accomplice evidence and testimony in this case, we necessarily review the accomplice testimony given by the witness Burton to determine whether the non-accomplice evidence makes Burton's testimony more likely than not. *Warren v. State,* 514 S.W.2d 458 (Tex.Cr.App.1974).

On direct examination by State's attorney, the accomplice witness Burton testified that he and appellant were driven from Dallas to Athens on December 5, 1979, by Donald Stephens; that they went to a party at Henderson County Junior College and after the party on the way back to Dallas stopped at a restaurant in Athens. When Burton was asked by State's counsel, "[f]or what purpose David?," Burton answered, "I did a little ripping off . . ." When questioned about the meaning of such answer, Burton replied, "I did some burglarizing in this place you are talking about." Burton also when asked who went into the Pea Patch Restaurant replied that he alone entered; that he made two trips, on the first trip he removed the meat, and on the second trip he removed the black box. On cross-examination he restated he alone re-

moved the black box. Burton was also asked, "... did you see Michael Edwards in the Pea Patch Restaurant?" His reply was, "No."

Burton did not testify to any facts demonstrating or even suggesting that appellant in any manner assisted him in the commission of the burglary of the Pea Patch or in any way promoted, encouraged, aided or directed him in the commission of the burglary. In fact Burton's testimony tended to exculpate rather than inculpate appellant.

The indictment in the case charged that the appellant "... did then and there intentionally and knowingly with intent to commit theft enter a building which was not open to the public without the effective consent of Nell Velvin the owner ...." Although the trial court abstractly instructed the jury on criminal responsibility pursuant to V.T.C.A., Penal Code, Sections 7.01(a) and 7.02(a)2, he failed to apply such law to the facts in the charge to the jury.

The paragraph of the charge applying the law to the facts reads:

Now if you find from the evidence beyond a reasonable doubt that on or about the 6th day of December, 1979, in Henderson County, Texas, the Defendant, Michael Edwards did intentionally enter a building not then open to the public, occupied, controlled, and in the possession of Nell Velvin, hereinafter called the owner, without the effective consent of said owner, and then and there commit the offense of theft, as hereinbefore defined, of corporeal personal property therein being and owned by Nell Velvin, then you will find the defendant guilty as charged.

Unless you so find from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will find the defendant not guilty.

Appellant, however, made no objection to the court's failure to apply the law of criminal responsibility for conduct of others to the facts. Under the record in this case even the testimony of the accomplice witness Burton does not provide a sufficient basis upon which the jury could convict the appellant on either theory, that is, that he was guilty of the burglary because he was responsible for the conduct of the accomplice witness Burton or that appellant committed the burglary jointly with the accomplice witness.

The State in reply to the contention of appellant under the second ground concedes that it did not rely upon the accomplice witness's testimony for conviction of the appellant in this case. The State takes the position that the accomplice witness's testimony was "secondary to the State's case and cumulative." The State further argues that the conviction is supported by circumstantial evidence. (A charge on circumstantial evidence was given to the jury in this case.) We do not agree. It is our studied opinion that the evidence in this case is insufficient to support the conviction and appellant's second ground is sustained.

The judgment of conviction is reversed and reformed to show a judgment of acquittal. *Ex parte Reynolds,* 588 S.W.2d 900 (Tex.Cr.App.1979), cert. den'd, 445 U.S. 920, 100 S.Ct. 1284, 63 L.Ed.2d 605.