Charles Edward EDWARDS, Appellant,

v.

STATE of Texas, Appellee.

No. 01–82–0718–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

April 28, 1983.

Discretionary Review Refused
Sept. 21, 1983.

Stanley G. Schneider, Houston, for appellant.

Ray Elvin Speece, Houston, for appellee.

Before EVANS, C.J., and WARREN and JACK SMITH, JJ.

## OPINION

WARREN, Justice.

Appellant pled guilty to aggravated robbery; the court found that the plea was voluntarily made, found appellant guilty and ordered a pre-sentence investigation to aid in the assessment of punishment. Simultaneously with the plea of guilty in this case, appellant, in the same court, pled guilty in cause No. 352,213 to another indictment for aggravated robbery. A separate appeal was taken in that case and is numbered 01–82–0499–CR.

The sole question in this case is whether it is fundamental error for the court to use a pre-sentence investigation report, containing information supplied by the defendant, without warning the defendant prior to his giving this information, of his Fifth Amendment privilege against self incrimination.

We hold that such failure to admonish is not fundamental error.

The record shows that the court informed appellant and his counsel that he was ordering a pre-sentence investigation and that neither appellant nor his counsel made any objection.

A copy of the pre-sentence investigation report was furnished to appellant before the hearing on punishment. At the punishment hearing, the court asked appellant whether he had received a copy of the report and whether he had any objection to it. Appellant stated that he had received a copy of the report and there were no objections to it.

We have found no reported Texas cases involving our question. Appellant urges that the principles enunciated in *Estelle v. Smith,* 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981) apply to our case. In that case the Supreme Court of the United States held that the testimony of a psychiatrist, who had been ordered to examine Smith, was inadmissible because Smith had not been previously warned of his privilege to remain silent at the examination and that such information given by him to the psychiatrist could be used against him at the punishment stage of his death penalty case.

Our exact question has been considered by one of the federal Courts of Appeal. In *United States v. Baumann,* 614 F.2d 634, (9th Cir.1982) cert. denied 447 U.S. 926, 100 S.Ct. 3022, 65 L.Ed.2d 1120, the court held that *Estelle v. Smith, supra,* was not controlling, and did not require that a convicted defendant be warned of his right to

remain silent prior to submitting to a routine, authorized pre-sentence interview. We agree with and follow the holding in *Baumann.*

Appellant's ground of error is overruled, and the judgment is affirmed.