**Robert Dean STEWART, Jr., Appellant,**

v.

**STATE of Texas, Appellee.**

**Nos. A14–82–862CR, A14–82–863CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 10, 1983.

Discretionary Review Refused
June 6, 1984.

Terry Collins, Stanley Schnieder, Houston, for appellant.

Calvin A. Hartmann, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and DRAUGHN and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Robert Dean Stewart, appeals from judgments of conviction for burglary of a habitation in cause numbers 354,436 and 351,633. Appellant was charged in two indictments with two counts: one for burglary of a habitation, and the second count for felony theft, each indictment having an enhancement paragraph of a prior felony conviction. The State dismissed the felony theft count and the enhancement paragraph in each indictment as the result of plea bargaining with appellant's attorney. The trial judge found appellant guilty on his plea of nolo contendere to each of the burglary of a habitation indictments, but deferred sentencing pending the results of a pre-sentence investigation. Although appellant had prior felony convictions, he filed a Motion for Probation asking the court in its discretion to grant him probation. Appellant's answers at the punishment hearing conflicted with his responses during the pre-sentence investigation. The trial judge sentenced appellant to fifteen (15) years confinement in the Texas Department of Corrections.

Appellant brings two points of error. In his first point of error, appellant claims that his Sixth and Fourteenth Amendment right to effective assistance of counsel was denied because his attorney at trial failed to adequately inform him to the use of a pre-sentence investigation. In his second point of error, appellant claims that the use of the pre-sentence investigation to assess punishment without an admonishment of his right to remain silent violated his Fifth Amendment privilege against self incrimination. We overrule these points of error and affirm.

Appellant's first point of error challenges the competency of his trial counsel. He claims that the conflicting responses of the pre-sentence investigation and the punishment hearing show that his attorney failed to inform him adequately of the use of a pre-sentence investigation. The record shows no direct evidence of this failure to inform the appellant. Apparently, appel-

lant claims that if he had known the use of the pre-sentence investigation he would not have given conflicting answers to those at the punishment hearing, and that therefore, the conflicts indirectly show the failure to inform. Furthermore, appellant points out that his attorney requested probation or alternatively three to five years confinement while the minimum punishment for this offense is five (5) years.

In *Ex parte Morse*, 591 S.W.2d 904, 905 (Tex.Crim.App.1980) the Texas Court of Criminal Appeals listed factors to be considered in determining whether a defendant had reasonably effective assistance of counsel. They include:

(1) the amount of time spent in preparation of the defense, (2) whether advice was given which would promote an understanding of the law in relation to the facts, (3) whether the advice was reasonably competent, (4) whether the advice permits an informed and conscious choice, and (5) whether the lawyer attempted to ascertain if the plea was voluntary and knowing.

The Court of Criminal Appeals has recognized that an attorney was not incompetent when his actions were based on trial strategy. *Martin v. State*, 623 S.W.2d 391 (Tex.Crim.App.1981). The attorney, however, must meet a minimum threshold standard. *Ex parte Dunham*, 650 S.W.2d 825 (Tex.Crim.App.1983).

In our case, the record does not show that appellant's counsel failed to meet this standard. Although counsel sought less than the minimum punishment for this offense, an attorney is not incompetent because he tries to do the impossible and fails. *Morrow v. State*, 500 S.W.2d 811 (Tex.Crim.App.1973). Counsel actually secured a lighter sentence than appellant might have received. The trial court also made the sentences concurrent. Trial counsel's asking for a lesser than minimum sentence does not constitute incompetence.

Furthermore, the record does not show that counsel failed to inform appellant of the significance of the pre-sentence investigation. Appellant alleges that his conflicting responses indirectly show this failure. The conflicts, however, could be due to other factors, such as nervousness or manipulation by the appellant. The record does not support appellant's assertions of his counsel's failure to inform. Assertions in an appellate brief in a criminal case will not be accepted as fact if they are not supported by the record. *Vanderbilt v. State*, 629 S.W.2d 709 (Tex.Crim.App.1981). We overrule point of error one.

In his second point of error, appellant claims that the use of the pre-sentence investigation to assess punishment without an admonishment of the right to remain silent violated his Fifth Amendment privilege against self incrimination. In *Edwards v. State*, 649 S.W.2d 710 (Tex.App.—Tyler 1983, no pet.), the court held that it was not in error for the trial court to use a pre-sentence investigation report to assess punishment without first warning the accused of Fifth Amendment rights. Appellant attempts to distinguish *Edwards* because in that case the defendant was given a copy of the report and an opportunity to object to its content. The record does not support appellant's assertion that he was not given a copy of the pre-sentence investigation report, or informed of its contents. The trial judge specifically said that appellant would be able to examine the report after it was filed in the court. Furthermore, the statute dealing with pre-sentence investigation expressly allows the defendant or his counsel to see a copy of the report *on request.* Tex.Code Crim.Proc. Ann., art. 42.12 § 4 (Vernon 1981). Assertions in a criminal appellate brief will not be taken as true if they are not supported by the record. *Vanderbilt v. State*, 629 S.W.2d 709 (Tex.Crim.App.1981).

Additionally, the instrument entitled Plea of Guilty, State's Exhibit No. 1 in each case, which appellant and his counsel signed expressly provided for a pre-sentence investigation and a waiver of the appellant's right of self-incrimination. We overrule point of error two.

Accordingly, we affirm the judgment of the trial court.