**James E. HOLT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–86–00014–CR.**

Court of Appeals of Texas,
San Antonio.

Jan. 30, 1987.

915

Stephen Finch, Seguin, for appellant.

* Associate Justice Tijerina not participating.

W.C. Kirkendall, Dist. Atty., Seguin, for appellee.

Before CANTU, REEVES and TIJERINA,* JJ.

REEVES, Justice.

Appellant was charged with burglary of a habitation to which he pled not guilty and waived his right to trial by jury. The court found him guilty and assessed punishment at 25 years' confinement in prison.

Appellant contends: (1) that the trial court committed error in denying his motion to suppress evidence obtained by the police as a result of an illegal arrest and search in violation of the Fourth and Fourteenth Amendments of the United States Constitution and Article One, section Nine of the Texas Constitution, and (2) the evidence was insufficient to prove his guilt beyond a reasonable doubt because (a) the testimony of the accomplices was not sufficiently corroborated, and (b) the possession by appellant of the "fruits of the crime" was insufficient to convict him.

## THE ARREST AND SEARCH

On September 29, 1985, an Austin police officer was on patrol in a part of Austin which was considered a high crime area by the Austin Police Department. The officer testified that it was after 7:00 a.m. but still dark enough to use the headlights of the patrol car. As he was driving north on a street running perpendicular to 12th Street, he noticed a car being driven slowly down the alley behind the northside of 12th Street. Two known fences[1] lived on that block of 12th Street served by the alley. The officer could not see who was in the car. The vehicle in the alley stopped as the patrol car passed. The officer continued traveling north. The car came out of the alley and turned left, traveling in the same direction as, and just behind the patrol car. The car moved hesitantly, stopping and starting. When he was one hundred feet north of the alley, the officer

1. One who sells property with criminal intent. WEBSTER'S THIRD INTERNATIONAL DICTIONARY 837 (3d ed. 1961).

stopped his patrol car. At that point, the other car stopped and the driver changed directions, making a wide U-turn and going over the center line of the street in the process. The car continued to move hesitantly, stopping and starting several times. When the officer turned the patrol car around, he noticed that the car's trunk was partially open. Inside he saw an object which he later learned was a small refrigerator that had been stolen.

The officer stopped the car and James Holt identified himself as the driver. He was accompanied by two passengers who subsequently plead guilty to the same burglary as the one now under consideration; they testified for the State. When stopped, Holt denied he owned the car. He had no driver's license or other identification; but an arrest warrant check disclosed that five warrants for traffic violations were outstanding. He was placed under arrest because of the warrants.[2] In the back seat of the car the officer found a large fan and several other items of personal property. Holt told the officer that the property belonged to the two passengers and that he was helping them move to Austin. In fact, those items were also stolen. It was later learned that the license tags on the car had been issued to another vehicle, and that the vehicle belonged to a relative of one of the accomplices.

In appropriate circumstances a police officer may approach a person for the purpose of investigating possible criminal behavior even though there is no probable cause to make an arrest. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). To justify the intrusion, the officer must have specific, articulable facts which, in the light of his experience and personal knowledge, together with other inferences from those facts, reasonably warrant the intrusion of the freedom of the citizen detained for further investigation. *Shaffer v. State*, 562 S.W.2d 853, 855 (Tex.Crim.App. 1978). There must be reasonable suspicion by the officer that some out of the ordinary act or activity is occurring or had occurred,

some indication that the detained person is connected with the unusual activity and some indication that the activity is related to crime. *Id.* at 855.

In *Amorella v. State*, 554 S.W.2d 700 (Tex.Crim.App.1977), the Court of Criminal Appeals held that the investigatory stop and search was justified. There, a police officer sighted an automobile stopped with its motor running on a parking lot of a closed store at 1:30 a.m. in the morning. All other businesses in that area were closed. The officer was aware that the store was located in a "high crime area." He saw two men inside the car and a third man standing at the back of the vehicle with the trunk open. Although the parking lot was large enough to hold several hundred cars, the car was parked immediately next to the store. As the officer drove his patrol car beside the automobile the outside man closed the trunk, got into the car and drove away. The officer stopped the car and requested identification. Amorella, who was a passenger, was arrested after his name was checked against the outstanding warrants file.

In this case, we are of the opinion that the officer was within his authority to initially stop Holt for investigatory purposes. *Amorella*, 554 S.W.2d at 701; *Adams v. State*, 552 S.W.2d 812 (Tex.Crim.App.1977).

■ Having arrested Holt on the traffic violations and having found the passengers in possession of a controlled substance, it was within the officer's duty to impound the vehicle and inventory its contents. Point of error one is overruled.

## THE CORROBORATION OF THE ACCOMPLICE TESTIMONY AND APPELLANT'S POSSESSION OF THE FRUITS OF THE CRIME

Holt gave the following explanation as to why he was in the neighborhood where he was arrested, and how he happened to come upon the two accomplices and the personal property taken from the burglary:

2. The passengers were also arrested for possession of a controlled substance. This evidence was introduced only to show that no one was

left to drive the vehicle and therefore it was proper to impound it and to conduct an inventory search.

He came to San Antonio to check on his insurance as he had recently had a car wreck. Terminating his business he went to a pool hall on Martin Luther King Drive. It was there he happened to meet two acquaintances, Dora Yruegas and Annabell Bustamonte, who offered to drive him to Austin. After some protest, he accepted. Appellant noticed, when getting into the car, items of personal property in the back seat and trunk. Appellant stated that he drove the car from San Antonio to Austin and that, since the windshield wipers were not working, he went by a friend's house to see if he could fix the wipers. However his friend had been unable to help since his tools were elsewhere.

TEX.CODE CRIM.PROC.ANN. art. 38.-14 provides:

A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense.

■ To determine whether accomplice testimony is sufficiently corroborated, we must eliminate from consideration the testimony of the accomplice and then examine the testimony of the other witnesses to ascertain if there is inculpatory evidence tending to connect the accused with the commission of the offense. *Cruz v. State*, 690 S.W.2d 246, 250 (Tex.Crim.App.1985). The evidence need not link the appellant directly to the crime, nor be sufficient in and of itself to establish guilt; it need only render the accomplice witness testimony more likely than not. *Edwards v. State*, 649 S.W.2d 710, 712 (Tex.App.—Tyler 1983, no pet.). The non-accomplice evidence must be of an incriminating character tending to connect the appellant with the offense charged. *Id.*

In determining the sufficiency of the corroboration, the court should consider the combined weight of the non-accomplice testimony even if it is entirely circumstantial. *Richardson v. State*, 700 S.W.2d 591, 594 (Tex.Crim.App.1985). The mere showing that an offense has been committed is not corroboration. *Bentley v. State*, 520 S.W.2d 390, 393 (Tex.Crim.App.1975).

If a defendant is found in possession of recently stolen property and gives no reasonable explanation showing his honest acquisition of the property, the fact finder may draw a permissible inference of guilt from that possession. *Hardesty v. State*, 656 S.W.2d 73, 76 (Tex.Crim.App.1983). This inference does not apply if a reasonable explanation is given by the defendant. *Prodan v. State*, 574 S.W.2d 100, 102 (Tex.Crim.App.1978). Appellant denied any interest in the stolen property and contended that he was helping the accomplices move the personal property. Assuming that the statement is an explanation of acquisition, it was for the fact finder to determine if appellant's exonerating statement was reasonable and probably true, and the jury was not required to accept the explanation offered by appellant. *Id.* at 103.

The presence of the accused with an accomplice when coupled with other circumstances, may be considered corroboration of the testimony of the accomplice. *Nelson v. State*, 542 S.W.2d 175, 177 (Tex.Crim.App.1976).

The case of *Bentley, supra,* gives us some guidance as to the amount and type of corroborative evidence necessary to support a conviction where the "fruits of the crime" were in the joint possession of a defendant and others. There, non-accomplice testimony established that the police, acting on an informer's tip, executed a search warrant at the residence of a man named Phillips and arrested Bentley who apparently was under the influence of drugs. Bentley was found in a bedroom of the residence with several other people, all of whom were sitting on the floor in a circle. In the center of the circle was an ash tray with 25 marihuana cigarettes. One hundred "baggies" of marihuana was found in a dresser in the bedroom. The court held that the non-accomplice testimony was sufficient to tend to connect Bentley with the offense of possession of marihuana as required by Article 38.14.

In this case, the evidence tending to corroborate the accomplices' testimony is as follows: A "weekend" residence in Guadalupe County was burglarized sometime within a two week period ending September 29. Holt was arrested in Travis County before dawn on September 29 in a "high crime" area while in the accompaniment of two accomplices who pled guilty to the burglary. He was driving a car, owned by one of the accomplice's sister, loaded with the merchandise stolen from the residence. He was driving the car slowly down an alley behind a block where two known fences lived. After spotting a police car, he began driving hesitantly and erratically, committing at least three traffic violations in an apparent effort to avoid the patrol car. We are of the opinion that the corroborating evidence was sufficient to tend to connect Holt to the burglary. Point of error two is overruled.

The judgment of the trial court is affirmed.