

**NUMBER 13-13-00083-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI − EDINBURG**

---

**BENITO ALVARADO,**                                                                   **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                   **Appellee.**

---

**On appeal from the 94th District Court
of Nueces County, Texas.**

---

**MEMORANDUM OPINION**

**Before Chief Justice Valdez and Justices Benavides and Longoria
Memorandum Opinion by Chief Justice Valdez**

This appeal arises out of appellant Benito Alvarado's open plea of guilty for felony driving while intoxicated, third offense. *See* TEX. PEN. CODE ANN. §§ 49.04, 49.09(b)(2) (West 2011). By one issue, which we address as two, appellant contends that his rights to due process and against self-incrimination were violated when, at his punishment trial, the State referred to statements made by appellant during his interview

for his pre-sentence investigation report (PSI). *See* U.S. CONST. amends. V, XIV. In the alternative, appellant argues that his trial counsel committed ineffective assistance by failing to object to these references. We affirm.

## I. BACKGROUND

On June 26, 2008, appellant was indicted for felony driving while intoxicated, third offense. *See* TEX. PEN. CODE ANN. §§ 49.04, 49.09(b)(2). Appellant entered an open plea of guilty on January 7, 2013. Appellant then pleaded true to two prior felony convictions, burglary of a habitation on October 31, 1989 and driving while intoxicated on August 9, 2007. The trial court admitted into evidence, as State's Exhibit One, a "Judicial Confession and Stipulation" in which appellant confessed to committing the offense of driving while intoxicated on May 6, 2012 and stipulated to previous convictions for driving while intoxicated on March 15, 1989 and April 3, 1997. After the State called three witnesses, the trial court found appellant guilty of the offense as charged and found the two prior offenses true. The trial court informed the parties that a pre-sentence investigation report (PSI) had been prepared and asked if they would like a short break to review it. Appellant's attorney requested a break to examine the contents of the PSI.

After the break, the trial court conducted a bench trial on punishment. Appellant called his wife, Diana Alvarado, as his sole witness. During the State's cross-examination of Alvarado, the following exchange occurred:

Prosecutor: And you know that [appellant] told the person at the probation department that he had been at work that day on Sunday?

Alvarado: Oh, okay. Well I don't understand—I don't know what he told them or anything like that.

Prosecutor:    Well the judge has a report where the probation officer asked him and he said he was at work that day and he also told the officers he had been drinking since 10:00 that day.

Alvarado:    The probation officer or the parole officer?

Prosecutor:    Probation officer.

Alvarado:    Oh, I don't know because we're the one—

Prosecutor:    So you can't tell us what he was doing before that?

Alvarado:    No, sir.

During closing arguments, the State, again, referenced the PSI:

He got another felony DWI where a court, the 319th Court put him on probation. He was on probation for a short time and then he got revoked. According to the PSI, he told the PSI officer that he completed SAPF. While he was on probation, he goes back and gets another DWI, becomes a repeat offender, goes to prison for that one.

At the close of evidence, the trial court sentenced appellant to 32 years in prison. This appeal followed.

## II.    APPLICABLE LAW & DISCUSSION

As an initial matter, the State contends that appellant failed to preserve error because he did not object to the allegedly improper references to the PSI at trial. We agree.

To preserve a complaint for appellate review, the record must show that a specific and timely complaint was made to the trial judge and that the trial judge ruled on the complaint. TEX. R. APP. P. 33.1(a); *Lovill v. State*, 319 S.W.3d 687, 691 (Tex. Crim. App. 2009). Appellant, in his appellate brief, concedes that his trial attorney did not object to the State's references to the PSI, but asks us, here, to find that he was not required to object at trial because the error was structural error. *See Arizona v. Fulminante*, 499 U.S. 279, 310 (1991) (reasoning that harmless error analysis cannot be

3

applied to certain constitutional violations that are considered structural). However, the requirement that a defendant preserve error for appellate review applies to many constitutional errors. *Saldano v. State,* 70 S.W.3d 873, 888–89 (Tex. Crim. App. 2002) (explaining that only certain fundamental errors, such as the right to assistance of counsel and the right to trial by jury, may be raised for the first time on appeal). Moreover, in order to preserve error for Fifth Amendment violations associated with a PSI, courts have not found structural error and have required a specific objection to preserve error for appeal. *Collins v. State*, 378 S.W.3d 629, 631 (Tex. App.—Houston [14th Dist.] 2012, no pet.); *Reyes v. State*, 361 S.W.3d 222, 231 (Tex. App.—Fort Worth 2012, pet. ref'd). Here, appellant did not object to the State's references to the PSI and therefore has not preserved his argument for our review. *See Lovill*, 319 S.W.3d at 691.

Furthermore, even if appellant had objected, the trial court did not err by allowing the State's references to the PSI. Appellant argues that he did not affirmatively waive his right against self-incrimination at the sentencing hearing or prior to answering questions at the PSI interview. *See* TEX. CODE CRIM. PROC. ANN. art. 1.14 (West 2005) (permitting a defendant to affirmatively waive any right). To support his argument that the State's references to the PSI were improper, appellant relies on *Mitchell v. United States*, 526 U.S. 314 (1999), which held that a defendant retains his right against self-incrimination during sentencing. *Mitchell*, 526 U.S. at 319. While we agree that a defendant's Fifth Amendment rights persist during sentencing, *Mitchell* does not address a trial court's consideration of a PSI.

Instead, the code of criminal procedure allows the trial court to consider the contents of a PSI at sentencing. TEX. CRIM. PROC. CODE ANN. art. 37.07, § 3(d) (West

4

Supp. 2013); *id.* art. 42.12, § 9(a) (West Supp. 2013). When examining a PSI, the trial court need not first warn the accused of his Fifth Amendment rights. *Stewart v. State*, 675 S.W.2d 524, 526 (Tex. App.—Houston [14th Dist.] 1983, pet. ref'd). Further, there is no requirement that a defendant be warned of his right to refrain from self-incrimination prior to submitting to a routine, authorized PSI. *Garcia v. State*, 930 S.W.2d 621, 624 (Tex. App.—Tyler 1996, no pet.); *Edwards v. State,* 652 S.W.2d 519, 519–20 (Tex. App.—Houston [1st Dist.] 1983, pet. ref'd). Therefore, a trial court may consider a PSI containing statements made by the defendant, even though the interviewing probation officer did not warn the defendant of his Fifth Amendment rights prior to the interview. *Garcia*, 930 S.W.2d at 624; *Edwards,* 652 S.W.2d at 519.

Accordingly, appellant's argument that he did not affirmatively waive his Fifth Amendment rights affirmative is inapposite. The trial court properly considered appellant's statements in the PSI, and the State's references to the PSI were not improper. *See Garcia*, 930 S.W.2d at 624; *Edwards,* 652 S.W.2d at 519. Because we conclude that appellant did not preserve error and that the trial court did not err by allowing the State's references to the PSI, we overrule appellant's first issue.

Additionally, because the references to the PSI were not improper, appellant's trial attorney's performance was not deficient for failing to object to them. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (establishing that to prevail in an ineffective assistance of counsel claim, a defendant must show that (1) the counsel's performance was deficient and (2) the defendant was prejudiced by the deficient performance). Accordingly, appellant's alternative argument that his trial attorney

5

committed ineffective assistance of counsel also fails. We overrule appellant's second issue.

### III.    CONCLUSION

We affirm the trial court's judgment.

_____
ROGELIO VALDEZ
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
5th day of December, 2013.