

## NUMBER 13-13-00563-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

ALICE RAMOS,                                                                    Appellant,

v.

THE STATE OF TEXAS,                                                        Appellee.

### On appeal from the 25th District Court
### of Gonzales County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Longoria**
**Memorandum Opinion by Justice Longoria**

This appeal arises out of appellant Alice Ramos's open plea of guilty to one count of felony murder and one count of intoxication assault. *See* TEX. PENAL CODE ANN. §§ 19.02(b)(3), 49.07 (West, Westlaw through 2013 3d C.S.). By her first issue, appellant

contends that her rights to due process and against compelled self-incrimination were violated when the State cross-examined her with statements she made during an interview for a pre-sentence investigation report (PSI). *See* U.S. CONST. amends V, XIV. By her second issue, appellant argues that her trial counsel rendered ineffective assistance for failing to object when the State referred to her statements in the PSI interview and for other alleged errors and omissions. We affirm as modified.

## I. BACKGROUND

The State charged appellant by indictment with intoxication assault and felony murder with the underlying felony of driving while intoxicated (DWI). *See* TEX. PENAL CODE ANN. §§ 49.07, 19.02(b)(3). Appellant entered an open plea of guilty to both counts. During the punishment trial, the State cross-examined appellant with a statement she made in the PSI interview that she was angry at her friend Martinez for allowing her to drive despite the amount of alcohol she consumed beforehand. Defense counsel did not object. According to appellant, she and Martinez routinely consumed alcohol together. Martinez was always the designated driver for the pair due to appellant's four previous convictions for DWI, but Martinez did not drive appellant the night of the car crash that gave rise to the charges in this case. One of appellant's prior instances of DWI resulted in a car accident when appellant was driving in the lane of oncoming traffic on the highway, which is essentially the same circumstances as the accident in this case.

The trial court assessed concurrent sentences of seventy-five years' imprisonment on the felony-murder charge and ten years' imprisonment on the intoxication assault charge. Appellant filed a motion for new trial on the basis of ineffective assistance of counsel and a separate motion for reconsideration of sentence. The trial court judge

2

denied both motions following a single hearing.  This appeal followed.[1]

## II. PSI INTERVIEW

As a preliminary matter, the State asserts that appellant failed to preserve error because she did not object to the allegedly improper use of the PSI interview at the punishment trial.  We agree.

To preserve a complaint for appellate review, a party must make a timely request, objection, or motion and obtain an adverse ruling from the trial judge.  TEX. R. APP. P. 33.1(a); *Layton v. State*, 280 S.W.3d 235, 238–39 (Tex. Crim. App. 2009).  The necessity to preserve error applies even to most constitutional claims.  *Saldano v. State*, 70 S.W.3d 873, 887 (Tex. Crim. App. 2002).  We understand appellant as conceding that she did not object in the trial court but asking us to hold that she was not required to object because improperly referring to the PSI was structural error.  *See Arizona v. Fulminate*, 499 U.S. 279, 310 (1991) (holding that harmless error analysis cannot be applied to certain constitutional violations that are considered structural).  However, Texas courts have held that Fifth Amendment violations associated with a PSI are not structural error and have required a specific objection to preserve error.  *Collins v. State*, 378 S.W.3d 629, 631 (Tex. App.—Houston [14th Dist.] 2012, no pet.); *Reyes v. State*, 361 S.W.3d 222, 231 (Tex. App.—Fort Worth 2012, pet. ref'd).  Here, appellant did not object to the State's use of appellant's statements in the PSI during cross-examination and therefore has not preserved her argument for our review.  *See Layton*, 280 S.W.3d at 238–39.

Even if appellant had objected, we would hold that the trial court would not have erred by allowing the State to use the PSI during its cross-examination of appellant.  We

---

[1] The trial court judge specifically certified that appellant had the right to appeal.  *See* TEX. R. APP. P. 25.2(d).

3

recently rejected a very similar argument in *Alvarado v. State*, where the appellant argued that he did not waive his right against self-incrimination either at the sentencing hearing or before a probation officer conducted the PSI interview. *Alvarado v. State*, No. 13-13-00083-CR, 2013 WL 9808041, at **1–2 (Tex. App.—Corpus Christi Dec. 5, 2013, no pet.) (mem. op., not designated for publication). There, as here, the appellant relied on *Mitchell v. United States*, which held that a defendant retains the right to refrain from self-incrimination during sentencing. 526 U.S. 314, 319 (1999). Following our decision in *Alvarado*, we agree the right against self-incrimination persists during sentencing, but *Mitchell* did not address PSIs. *See id.* There is no requirement that appellant be warned of her right to refrain from self-incrimination prior to submitting to a routine, authorized PSI.[2] *Garcia v. State*, 930 S.W.2d 621, 624 (Tex. App.—Tyler 1996, no pet.); *Edwards v. State*, 652 S.W.2d 519, 519–20 (Tex. App.—Houston [1st Dist.] 1983, pet. ref'd); *see Alvarado*, 2013 WL 9808041, at **2–3. Therefore, if appellant had objected, the trial court would not have erred in allowing the State to cross-examine appellant with the statements she made during the PSI interview even if the interviewing probation officer failed to warn appellant of her right against self-incrimination prior to the interview. *See Garcia*, 903 S.W.2d at 624; *Edwards*, 652 S.W.2d at 519–20. We overrule appellant's first issue.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

By her second issue, appellant asserts that her counsel rendered constitutionally ineffective assistance. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

#### A. Standard of Review and Applicable Law

Under *Strickland*, appellant has the burden to show by a preponderance of

---

[2] The record is silent on whether or not appellant was admonished of her right against self-incrimination prior to the PSI interview. We assume without deciding that appellant was not so admonished.

4

evidence that: (1) trial counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that the result of the proceeding would have been different but for the attorney's deficient performance. *Id.*; *see Ex parte Martinez*, 195 S.W.3d 713, 726–27 (Tex. Crim. App. 2006). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Cox v. State*, 389 S.W.3d 817, 819 (Tex. Crim. App. 2012) (quoting *Strickland*, 466 U.S. at 694). We may address either prong first, and if an appellant fails to prove one prong of the test, we need not address the other prong. *Strickland*, 466 U.S. at 687.

When evaluating a claim of ineffective assistance, we look at the totality of counsel's representation and the particular circumstances of each case. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Our review is highly deferential to trial counsel, avoiding the deleterious effects of hindsight and indulging a strong presumption that the representation counsel provided was within the wide range of reasonable professional assistance. *Id.* Allegations of ineffectiveness must therefore be "firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Id.* (citing *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996)).

The Texas Court of Criminal Appeals has explained that "trial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Rylander v. State,* 101 S.W.3d 107, 111 (Tex. Crim. App. 2003) (citing *Bone v. State*, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002)). Unless counsel had an opportunity to explain his trial strategy, we will "not find deficient performance unless the challenged conduct was so outrageous that no competent attorney would have engaged in it."

*Goodspeed v. State,* 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (internal quotation marks omitted).

### B. Analysis

Appellant argues that her counsel was ineffective because: (1) counsel did not ensure appellant fully understood the State's offer of a sentencing cap of no more than fifty years before advising her to reject it; (2) counsel did not call "key witnesses" to offer mitigation evidence; and (3) counsel failed to object when the trial court did not give either party an opportunity for closing argument.[3] After thorough consideration of the record, we reject appellant's argument that her trial counsel's assistance was constitutionally ineffective.

By her first ground, appellant asserts that her decision to enter an open plea was involuntary because counsel did not ensure that she understood the State's offer of a sentencing cap of no more than fifty years. *See Ex parte Moussazadeh*, 361 S.W.3d 684, 689 (Tex. Crim. App. 2012) (observing that counsel's professionally unreasonable advice may make a plea involuntary). However, even if we assume that trial counsel's advice was ineffective, we hold that appellant cannot demonstrate that she suffered prejudice. To show prejudice from rejecting a plea offer due to counsel's advice, appellant must show: (1) she would have accepted the State's offer but for counsel's advice; (2) the State would not have withdrawn the offer; (3) the trial court would not have refused to accept the plea bargain. *Ex parte Argent*, 393 S.W.3d 781, 784 (Tex. Crim. App. 2013).

___

[3] Appellant also asserts that her counsel was ineffective because he did not object to the State's use of her statements in the PSI during her cross-examination, but to show that trial counsel was ineffective for failure to make an objection, appellant "must show that the trial judge would have committed error in overruling the objection." *Ex parte White*, 160 S.W.3d 46, 53 (Tex. Crim. App. 2004). We have already held that the trial court would not have erred in overruling an objection to the use of the PSI statements. Accordingly, appellant cannot establish ineffective assistance on this basis. *See id.*

6

Appellant testified to the first prong during the hearing on the motion for new trial, but she has made no attempt to establish the other two prongs of the test. *See id.* We accordingly reject appellant's argument that her trial counsel performed ineffectively in this respect.

Regarding trial counsel's failure to call "key witnesses" to offer mitigation evidence, trial counsel testified that appellant's daughter, son, and niece were present during the sentencing hearing and would have provided mitigating testimony regarding how appellant's alcohol use increased following the suicide of her longtime boyfriend. Trial counsel also stated he could have asked appellant herself to discuss those matters during her testimony. Whether to call certain witnesses is largely a matter of counsel's trial strategy. *Lair v. State*, 265 S.W.3d 580, 594 (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd). The decision not to call certain witnesses may be a strategically sound one if the attorney determines that their testimony would be more harmful than helpful. *Id.*; *Shanklin v. State*, 190 S.W.3d 154, 164 (Tex. App.—Houston [14th Dist.] 2005, pet. dism'd). Counsel testified during the hearing on the motion for new trial that he had certain discussions with some of those witnesses, but he did not address his reasons for not calling them to testify or for not asking appellant to discuss these matters during direct examination. Assuming without deciding that counsel's assistance was deficient, we conclude that appellant has not established a reasonable probability that the result of the punishment trial would have been different. *See Strickland*, 466 U.S. at 687. The State presented evidence that appellant had been convicted of DWI on numerous prior occasions. Two of those occasions involved a car accident, one of which had very similar circumstances to the present case. Moreover, during the portion of the post-verdict hearing devoted to appellant's motion for reconsideration of sentence, appellant testified

7

regarding how the suicide of her boyfriend affected her mental state and alcohol use. Appellant's motion for reconsideration also described the content of the testimony of the other witnesses. After considering appellant's testimony and the motion's description of the testimony that appellant's daughter, son, and niece would have given, the trial court judge commented that he "remember[ed] well the circumstances of this case, the plea, and the sentencing," and denied the motion for reconsideration. Based on all the foregoing, we conclude that appellant has not raised a probability that the result of the proceeding would have been different but for counsel's conduct that is sufficient to undermine confidence in the outcome. *See Cox*, 389 S.W.3d at 819; *see also Ex parte Martinez*, 195 S.W.3d at 731 (holding that failure to present more extensive mitigation testimony was not prejudicial because of the strength of the aggravating factors present in the case).

For the same reason, we reject appellant's assertion that her counsel was ineffective for failing to object when the trial court did not give either side the opportunity to present closing argument. The decision to not offer closing argument may be based on several strategic considerations, such as the perceived mood of the trial court, to prevent the State from rebutting the closing argument, or if closing argument would be cumulative of the appellant's testimony. *Habib v. State*, 431 S.W.3d 737, 742 (Tex. App.—Amarillo 2014, pet. ref'd). Because counsel could have based his decision not to request closing argument on one of these considerations, we conclude that appellant is unable to overcome the strong presumption that her counsel provided professionally reasonable assistance. *See Thompson*, 9 S.W.3d at 813; *Habib*, 431 S.W.3d at 742. We accordingly reject appellant's argument in this regard.

8

We overrule appellant's second issue.

## IV. MODIFICATION

Our review of the record has revealed a mistake in the judgment of conviction on count 1, felony murder. Appellant was indicted for felony murder, but under the heading "Statute for Offense" the judgment cites section 19.02(b)(1), which is the provision involving premeditated murder. *See* TEX. PENAL CODE ANN. § 19.02(b)(1) (West, Westlaw through 2013 3d C.S.). This Court may modify the record to make it speak the truth when we have the necessary information to do so. TEX. R. APP. P. 43.2(b); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992). We therefore modify the judgment of conviction on Count 1 to reflect the correct statutory provision under which appellant was charged, section 19.02(b)(3). *See* TEX. PENAL CODE ANN. § 19.02(b)(3).

## V. CONCLUSION

We affirm the judgment of the trial court as modified.


NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
13th day of November, 2014.