Donna TRIMMER, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–82–0511–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

April 28, 1983.

Cathrine Greene, Houston, for appellant.

Patricia Saum, Houston, for appellee.

Before BASS, WARREN and BULLOCK, JJ.

## OPINION

BASS, Justice.

Appellant was convicted of the offense of robbery, upon her plea of nolo contendere. After a presentence investigation report, the trial judge assessed punishment at twelve years confinement.

The judgment is affirmed.

Appellant was charged with the offense of aggravated robbery. She filed a motion for probation and entered a plea of no contest to the reduced charge of robbery. She was properly admonished by the court regarding the effect of her plea. At this time appellant also waived jury determination of punishment, and requested that a presentence investigation report be prepared.

During the hearing, the State introduced appellant's written judicial confession, in which she waived appearance, confrontation, and cross-examination of witnesses, and her right against self-incrimination.

The trial court found the evidence of guilt sufficient beyond a reasonable doubt, but did not enter a finding of guilt at that time. The court granted appellant's request for a PSI report, and cautioned appellant to apprise the investigating officer as to any evidence she desired him to consider in compiling the report, as the report would be used in assessing punishment.

At the hearing on punishment, the only evidence introduced was the PSI report, which contained both the police offense report version of events pertaining to the charged offense, and the appellant's version. It also contained appellant's record of convictions, character references, and personal history. The court entered a finding of guilt, and assessed punishment at twelve years confinement.

Appellant urges in her sole ground of error that the use of the PSI report to assess punishment violated her Fifth Amendment privilege against self-incrimination because she was not admonished as to her rights and the waiver thereof. She contends that because the PSI report was used to assess punishment, and not solely to determine whether probation should be granted, federal and state constitutional guarantees of due process prevent the use of a PSI report to assess punishment pursuant to Art. 37.07(d) Tex.Code Crim.Pro.Ann. (Vernon 1982), absent adequate admonishment and warning at the punishment phase of trial.

Appellant notes that "the mere finding of guilt does not terminate the privilege against self-incrimination," and that "the privilege ceases only when liability to punishment no longer exists," citing *Brown v. State,* 617 S.W.2d 234 (Tex.Cr.App.1981). She contends that the privilege against self-incrimination has thus been extended to the punishment phase of bifurcated proceedings, but that the admonishment given at the guilt/innocence stage of trial is inade-

quate to demonstrate a knowing, intelligent waiver of the privilege against self-incrimination at the punishment phase of trial.

Appellant asserts that the principles enunciated in *Estelle v. Smith*, 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981), control this case. In *Smith*, the accused was subjected to a court-ordered psychiatric examination while in custody, without warnings concerning his Fifth Amendment rights. The psychiatrist's testimony was introduced at the punishment phase of trial on the issue of the accused's potential for future dangerousness. The Supreme Court held that under those circumstances, a warning and knowing and intelligent waiver of Fifth Amendment rights were constitutionally required. Appellant urges that the same "mischief" is involved in this case, in which an uninformed defendant becomes, through the introduction of the PSI report, the "deluded instrument" of his own punishment.

The State points out that the contention that the principles enunciated in *Smith, supra,* should be extended to statements made by a defendant to the probation officer preparing a routine presentence investigation report, was rejected in *Bauman v. United States,* 692 F.2d 565 (9th Cir.1981). The accused in *Bauman* argued that statements made to the investigating officer and used against the accused at trial for sentencing purposes constituted custodial interrogation. He urged that *Miranda* warnings should have been given prior to his participation in the interview.

The court in *Bauman* held that though the questioning by the probation officer undoubtedly constituted "interrogation", "neither *Smith* itself, nor the general principles announced in *Miranda* require that a convicted defendant be warned of his right to counsel, and of his right to remain silent, prior to submitting to a routine, authorized presentence interview." The court further reasoned that there was a substantial difference between a routine presentence interview "restricted to gathering information upon which the district court, in its discretion, may rely when imposing sen-

tence," and the use in a capital murder case of evidence elicited during a psychiatric examination regarding the aggravating factor of dangerousness.

■ While no Texas Court of Criminal Appeals cases have been discovered which address the ground of error alleged herein, we hold that neither the facts of this case, nor case authority and interpretation from other jurisdictions, warrant extending *Smith* to require that a defendant be admonished concerning his or her Fifth Amendment rights prior to participating in a routine PSI interview.

Appellant's ground of error is overruled.

The judgment of the trial court is affirmed.