**Roberto Sanchez GARCIA, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 12–95–00241–CR.

Court of Appeals of Texas, Tyler.

May 30, 1996.

David P. Brown, Henderson, for appellant.

Robert L. Smith, Kyle Freeman, Henderson, for appellee.

Before RAMEY, C.J., and HOLCOMB and HADDEN, JJ.

HOLCOMB, Justice.

Roberto Sanchez Garcia ("Appellant") was charged with burglary of a habitation, a second degree felony. Appellant pleaded not guilty and waived his right to a jury trial. On July 21, 1995, the 4th Judicial District Court of Rusk County, Texas, tried and convicted Appellant of the charged offense. After a hearing on punishment, the court sentenced Appellant to 18 years' confinement in the Texas Department of Criminal Justice. Appellant seeks reversal of the trial court's judgment based on alleged errors in both the guilt/innocence and punishment phases of his trial. We will **affirm.**

On or about March 14, 1995, someone entered the home of Margaret Nanny and removed some of her property without her consent. While investigating the incident, police officers located and preserved latent fingerprints (the "latent prints") at the site of the break-in. Prior to Appellant's trial, police officers took Appellant's fingerprints (the "pre-trial prints") without informing Appellant's attorney and without warning Appellant of his right to have his attorney present.

In a pre-trial motion, Appellant moved to suppress all fingerprints taken from Appellant after the appointment of his attorney and all fingerprints taken from the crime scene which might be identified as Appellant's fingerprints by comparison. The trial court granted Appellant's motion to suppress the pre-trial fingerprints, but denied Appellant's motion with regard to the latent prints and prints that would be taken during the trial. During the trial, the court granted the State's motion to take Appellant's fingerprints. Thereafter, the court allowed Detec-

tive Sweeney to compare such prints (the "trial prints") to the latent prints. Sweeney testified that the trial prints matched the latent prints. Subsequently, the trial court found Appellant guilty of the charged offense.

Following Appellant's conviction, the court ordered the Rusk County Community Supervision and Corrections Department to prepare a presentence investigation report ("PSI"). Probation Officer Mary Lou Hurst interviewed Appellant and included results of the interview in the PSI.

At the punishment phase of the trial, the State asked the court to take judicial notice that the PSI had been completed and filed and to take judicial notice of the contents of the PSI. Appellant objected to the court taking judicial notice of the PSI on the ground that the PSI did not contain certified copies of prior judgments of convictions against Appellant, and therefore, were not proven by competent evidence. Appellant also objected that, without proper identification, the PSI could contain prior convictions and immigration information for persons with the same name as Appellant. Following Appellant's objection, the trial court twice asked Appellant if he wished to introduce testimony or other information alleging a factual inaccuracy in the PSI. Appellant called two witnesses, neither of which testified regarding factual inaccuracies in the PSI. Appellant called Officer Hurst as a witness to testify regarding her preparation of the PSI, but objected to the State's examination of Officer Hurst regarding her interview with Appellant. Specifically, Appellant objected that Officer Hurst's testimony regarding the interview forced Appellant to testify against himself and that her testimony constituted hearsay. The trial court overruled Appellant's objections. After the close of evidence in the punishment phase, the trial court asked Appellant if he had anything to say about why sentence should not be pronounced against him. At that time, although not under oath, Appellant admitted at least one prior conviction and incarceration, as well as problems with immigration. Thereafter, the court sentenced Appellant to 18 years' confinement. The permissible range

of punishment for a second degree felony is not more that 20 years and not less than two years. Appellant presents three points of error for consideration on appeal.

■■■ In his first point of error, Appellant maintains that the trial court erred in considering the list of prior offenses and the immigration record contained in the PSI because the State did not offer proper proof of final conviction or proof that Appellant was the same person convicted in the prior offenses listed. Appellant argues that the trial court considered the prior offenses in the PSI and, based on such consideration, sentenced Appellant to an excessive period of confinement. We do not agree.

> When a trial court assesses punishment, the trial court shall direct a supervision officer to report to the judge in writing on the circumstances of the offense with which the Defendant is charged, the amount of restitution necessary to adequately compensate a victim of the offense, the criminal-social history of the Defendant and any other information relating to the Defendant or the offense requested by the judge.

TEX.CODE CRIM.PROC.ANN. art. 42.12 § 9(a) (Vernon Supp.1996). The statute expressly provides that the PSI should contain the criminal-social history of the defendant. Further, "[t]he trial court is specifically authorized by statute to consider the contents of the presentence report." *Nicolopulos v. State,* 838 S.W.2d 327, 328 (Tex.App.—Texarkana 1992, no pet.). Before sentencing, the court must permit the defendant or his counsel to read the presentence report. TEX. CODE CRIM.PROC.ANN. art. 42.12 § 9(d). The defendant may, with court approval, introduce testimony or other information alleging a factual inaccuracy in the report. *Id.* § 9(e). A defendant's allegation that information contained in the report is factually inaccurate does not render the report inadmissible. *Stancliff v. State,* 852 S.W.2d 639, 641 (Tex. App.—Houston [14th Dist.] 1993, pet. ref'd) (*citing United States v. Garcia,* 693 F.2d 412, 415 (5th Cir.)). A defendant bears the burden of proving that the information contained in a presentence investigation report was materially inaccurate and that the judge re-

lied on inaccurate information. *Stancliff,* 852 S.W.2d at 641. Similarly, "that the investigative report contains hearsay information does not preclude its use by the sentencing judge." *Nicolopulos,* 838 S.W.2d at 328.

In support of his argument, Appellant refers us to *Beck v. State,* 719 S.W.2d 205 (Tex.Cr.App.1986) and *Rosales v. State,* 867 S.W.2d 70 (Tex.App.—El Paso 1993, no pet.). Both *Beck* and *Rosales* concerned the admissibility of certified copies of judgments and sentences to prove a defendant's prior convictions. Properly authenticated copies of judgments and sentences are admissible, but may be subject to an objection that they are not relevant if there is no evidence linking the convictions to the defendant. *Rosales,* 867 S.W.2d at 72–73. Neither *Beck* nor *Rosales* addressed the court's consideration of a presentence investigation report, and therefore, those cases are inapplicable.

The trial court correctly ordered a presentence investigation report and considered such report as provided by statute. The trial court did not err in taking judicial notice of and considering the material contained in the PSI. The trial court specifically asked Appellant if he wished to introduce testimony that would demonstrate a factual inaccuracy in the PSI. Appellant did not attempt to offer any evidence that the PSI was factually inaccurate or that the judge relied on inaccurate information. Further, Appellant's claim that the PSI did not adequately identify him as the same person that committed the crimes referred to in the PSI is without merit. Appellant himself, when asked by the court, admitted that he had previously been incarcerated, that he was on parole, and that he had had problems with immigration.[1] Therefore, we overrule Appellant's first point of error.

In his second point of error, Appellant asserts the trial court violated Appellant's constitutional right "not to be compelled to give evidence against himself." Specifically, Appellant states that the court erred during the punishment phase of the trial by allowing the State to question the probation officer who prepared the PSI about her out-of-court conversations with Appellant. We disagree.

Both the United States and Texas Constitutions provide that a criminal defendant shall not be compelled to give evidence against himself. However, there is no requirement that a defendant be warned of his right to refrain from self-incrimination prior to submitting to a routine, authorized presentence investigation. *Edwards v. State,* 652 S.W.2d 519, 519–20 (Tex.App.—Houston [1st Dist.] 1983, pet. ref'd); *Trimmer v. State,* 651 S.W.2d 904, 906 (Tex.App.—Houston [1st Dist.] 1983, pet. ref'd); *Stewart v. State,* 675 S.W.2d 524, 525 (Tex.App.—Houston [14th Dist.] 1983, pet. ref'd). A trial court may use a PSI that contains information supplied by the defendant, even though the interviewing probation officer did not warn the defendant of his privilege against self-incrimination prior to the interview. *Edwards,* 652 S.W.2d at 519. Further, an appellate court presumes that a trial court disregarded any inadmissible evidence. *Moton v. State,* 540 S.W.2d 715, 716 (Tex.Cr.App.1976).

The trial court did not err in allowing Officer Hurst, who prepared the PSI, to testify about her conversation with Appellant. As Officer Hurst's interview with Appellant was proper, the court properly allowed the State to question her regarding the interview. Additionally, although Appellant objected at trial that Officer Hurst's testimony regarding her interview was hearsay, we presume the trial court disregarded any inadmissible evidence. Accordingly, Appellant's second point of error is overruled.

In his third point of error, Appellant complains that the trial court should not have admitted Appellant's trial fingerprints be-

---

1. Appellant's guilt was not at issue, as the court had already found Appellant guilty of the charged offense. At the punishment phase, the only remaining question was the punishment to be assessed by the trial court. Appellant's admission of a prior conviction was sufficient to allow the court to consider such conviction. The mere fact that Appellant was not under oath at the time he made such statement did not render his admission inadmissible. As neither Appellant nor the State objected to Appellant's unsworn statements, neither party has preserved any error in the admission of Appellant's statement. *See Porter v. State,* 137 Tex.Crim. 473, 131 S.W.2d 964, 964 (1939).

cause the comparison of such fingerprints with Appellant's latent fingerprints was impermissibly tainted by the "illegal" pre-trial prints. We disagree.

 Contrary to Appellant's allegations, a criminal defendant's fingerprints may be taken prior to trial, without the presence or advice of his counsel. *Rinehart v. State,* 463 S.W.2d 216, 219 (Tex.Cr.App.1971); *Harrington v. State,* 424 S.W.2d 237, 242 (Tex. Cr.App.1968). Such fingerprints are admissible at the penalty stage of the trial, and their admission does not violate Appellant's privilege against self-incrimination. *Id.*

 Because the pre-trial prints complained of by Appellant would have been admissible, there was no error in allowing the comparison of the subsequently obtained trial prints with the latent prints. The possibility that the officer compared the pre-trial prints to the latent prints does not taint the comparison of the trial prints to the latent prints. Further, Detective Sweeney testified that he did not rely on the pre-trial prints in matching the trial prints to the latent prints. Therefore, we overrule Appellant's third point of error.

Having found no error, the judgment of the trial court is **affirmed.**