NO. 07-04-0099-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



FEBRUARY 1, 2005



______________________________




ANASTACIO GUERRA, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 98-429055; HONORABLE JIM BOB DARNELL, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Following his guilty plea to aggravated sexual assault, appellant Anastacio Guerra
was granted deferred adjudication and placed on community supervision for five years. 
Upon the State's motion to proceed with an adjudication of guilt, the trial court conducted
a hearing and heard evidence that appellant had violated the terms of community
supervision. Appellant was adjudicated guilty of the charged offense and sentenced to 45
years confinement. In presenting this appeal, counsel has filed an Anders (1) brief in support
of a motion to withdraw. We grant counsel's motion and affirm.

 In support of his motion to withdraw, counsel certifies he has diligently reviewed the
record and, in his opinion, the record reflects no reversible error upon which an appeal can
be predicated. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493
(1967); Monroe v. State, 671 S.W.2d 583, 585 (Tex.App.--San Antonio 1984, no pet.). 
Thus, he concludes the appeal is frivolous. In compliance with High v. State, 573 S.W.2d
807, 813 (Tex.Cr.App. 1978), counsel has candidly discussed why, under the controlling
authorities, there is no error in the court's judgment. Counsel has also shown that he sent
a copy of the brief to appellant and informed appellant that, in counsel's view, the appeal
is without merit. In addition, counsel has demonstrated that he notified appellant of his right
to review the record and file a pro se response if he desired to do so. Appellant did not file
a response. Neither did the State favor us with a brief. 

 By the Anders brief, counsel acknowledges that no appeal may be taken from the
trial court's decision to adjudicate guilt. Article 42.12, section 5(b) of the Texas Code of
Criminal Procedure expressly denies a defendant the right to appeal from a trial court's
determination to adjudicate guilt. Connolly v. State, 983 S.W.2d 738, 741 (Tex.Cr.App.
1999); see also Phynes v. State, 828 S.W.2d 1, 2 (Tex.Cr.App. 1992); Olowosuko v. State,
826 S.W.2d 940, 941-42 (Tex.Cr.App. 1992). However, an appeal of proceedings following
an adjudication of guilt is not foreclosed by the statute, i.e., assessment of punishment,
pronouncement of sentence, granting of community supervision, and defendant's appeal
continue as if the adjudication of guilt had not been deferred. Art. 42.12, § 5(b). 

 During the punishment hearing, the trial court asked for objections to the
presentence investigation report (PSI). Defense counsel objected to attached police
reports as inadmissible hearsay and the trial court overruled the objection. The court took
judicial notice of the report and sentenced appellant to 45 years confinement. No other
objections were presented during punishment.

 A trial court may take judicial notice of and consider unobjected to facts contained
in a PSI. Garcia v. State, 930 S.W.2d 621, 624 (Tex.App.-Tyler 1996, no pet.) Although
defense counsel objected to the attached police reports, there was no challenge to the
facts of the PSI. See DuBose v. State, 977 S.W.2d 8778, 880-81 (Tex.App.-Beaumont
1998, no pet.) (burden rests on defendant to demonstrate inaccuracies in PSI); see
generally Brown v. State, 478 S.W.2d 550, 551 (Tex.Cr.App. 1972) (holding that PSI
reports could contain hearsay). Also, no objection was made following the trial court's
imposition of a 45-year sentence. Under Hardeman v. State, 1 S.W.3d 689, 690
(Tex.Cr.App. 1999), a timely objection is required to preserve error during the punishment
hearing. We agree with appellate counsel that no reversible error was presented during
punishment.

 We have also made an independent examination of the entire record to determine
whether there are any arguable grounds which might support the appeal. See Penson v.
Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d
503, 511 (Tex.Cr.App. 1991). We have found no such grounds and agree with counsel that
the appeal is frivolous. Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State,
477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

 Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the
trial court is affirmed.

 Don H. Reavis

 Justice

 

Do not publish.
1. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).