NO. 07-04-0099-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

FEBRUARY 1, 2005

_____


ANASTACIO GUERRA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 98-429055; HONORABLE JIM BOB DARNELL, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**


Following his guilty plea to aggravated sexual assault, appellant Anastacio Guerra was granted deferred adjudication and placed on community supervision for five years. Upon the State's motion to proceed with an adjudication of guilt, the trial court conducted a hearing and heard evidence that appellant had violated the terms of community

supervision.  Appellant was adjudicated guilty of the charged offense and sentenced to 45 years confinement.  In presenting this appeal, counsel has filed an *Anders*[1] brief in support of a motion to withdraw.  We grant counsel's motion and affirm.

In support of his motion to withdraw, counsel certifies he has diligently reviewed the record and, in his opinion, the record reflects no reversible error upon which an appeal can be predicated.  Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); Monroe v. State, 671 S.W.2d 583, 585 (Tex.App.--San Antonio 1984, no pet.). Thus, he concludes the appeal is frivolous.  In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), counsel has candidly discussed why, under the controlling authorities, there is no error in the court's judgment.  Counsel has also shown that he sent a copy of the brief to appellant and informed appellant that, in counsel's view, the appeal is without merit.  In addition, counsel has demonstrated that he notified appellant of his right to review the record and file a *pro se* response if he desired to do so.  Appellant did not file a response.  Neither did the State favor us with a brief.

By the *Anders* brief, counsel acknowledges that no appeal may be taken from the trial court's decision to adjudicate guilt.  Article 42.12, section 5(b) of the Texas Code of Criminal Procedure expressly denies a defendant the right to appeal from a trial court's determination to adjudicate guilt.  Connolly v. State, 983 S.W.2d 738, 741 (Tex.Cr.App. 1999); *see also* Phynes v. State, 828 S.W.2d 1, 2 (Tex.Cr.App. 1992); Olowosuko v. State,

---

[1]Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

826 S.W.2d 940, 941-42 (Tex.Cr.App. 1992). However, an appeal of proceedings following an adjudication of guilt is not foreclosed by the statute, *i.e.*, assessment of punishment, pronouncement of sentence, granting of community supervision, and defendant's appeal continue as if the adjudication of guilt had not been deferred. Art. 42.12, § 5(b).

During the punishment hearing, the trial court asked for objections to the presentence investigation report (PSI). Defense counsel objected to attached police reports as inadmissible hearsay and the trial court overruled the objection. The court took judicial notice of the report and sentenced appellant to 45 years confinement. No other objections were presented during punishment.

A trial court may take judicial notice of and consider unobjected to facts contained in a PSI. Garcia v. State, 930 S.W.2d 621, 624 (Tex.App.–Tyler 1996, no pet.) Although defense counsel objected to the attached police reports, there was no challenge to the facts of the PSI. *See* DuBose v. State, 977 S.W.2d 8778, 880-81 (Tex.App.–Beaumont 1998, no pet.) (burden rests on defendant to demonstrate inaccuracies in PSI); *see generally* Brown v. State, 478 S.W.2d 550, 551 (Tex.Cr.App. 1972) (holding that PSI reports could contain hearsay). Also, no objection was made following the trial court's imposition of a 45-year sentence. Under Hardeman v. State, 1 S.W.3d 689, 690 (Tex.Cr.App. 1999), a timely objection is required to preserve error during the punishment hearing. We agree with appellate counsel that no reversible error was presented during punishment.

We have also made an independent examination of the entire record to determine whether there are any arguable grounds which might support the appeal. *See* Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Cr.App. 1991). We have found no such grounds and agree with counsel that the appeal is frivolous. Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State, 477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.