02-10-413--427-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-10-00413-CR

NO. 02-10-00414-CR

NO. 02-10-00415-CR

NO. 02-10-00416-CR

NO. 02-10-00417-CR

NO. 02-10-00418-CR

NO. 02-10-00419-CR

NO. 02-10-00420-CR

NO. 02-10-00421-CR

NO. 02-10-00422-CR

NO. 02-10-00423-CR

NO. 02-10-00424-CR

NO. 02-10-00425-CR

NO. 02-10-00426-CR

NO. 02-10-00427-CR

 


 
 
 Dale Roy Slaven
 
 
  
 
 
 APPELLANT
 
 
 
 
 V.
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


----------

FROM Criminal
District Court No. 2 OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

I. 
Introduction

Appellant
Dale Roy Slaven entered open pleas of guilty to eight charges of aggravated
robbery, six charges of robbery, and one charge of forgery.  The trial court
found Appellant guilty on all the charges, accepted his pleas of true to the habitual
offender notices, reviewed a presentence investigation report (PSI), and
conducted a sentencing hearing.  The trial court assessed punishment at sixty
years’ confinement in the aggravated robbery and robbery cases and twenty
years’ confinement in the forgery case, all to run concurrently.  The trial
court sentenced Appellant accordingly.[2]

II. 
Anders v. California

Appellant’s
court-appointed appellate counsel has filed a motion to withdraw as counsel and
a brief in support of that motion.  In the brief, counsel avers that, in his
professional opinion, this appeal is frivolous.  Counsel’s brief and motion
meet the requirements of Anders v. California, 386 U.S. 738, 87
S. Ct. 1396 (1967), by presenting a professional evaluation of the record and
demonstrating why there are no arguable grounds for appeal.[3] 
See Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); Mays
v. State, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). 
Appellant filed a pro se brief in response, the State filed a reply, and
Appellant filed rebuttal and supplemental briefs.

Once
an appellant’s court-appointed counsel files a motion to withdraw on the ground
that the appeal is frivolous and fulfills the requirements of Anders, we
are obligated to undertake an independent examination of the record to see if
there is any arguable ground that may be raised on his behalf.  See Stafford,
813 S.W.2d at 511; Mays, 904 S.W.2d at 923.  Only then may we grant
counsel’s motion to withdraw.  See Penson v. Ohio, 488 U.S. 75, 82–83,
109 S. Ct. 346, 351 (1988).  We will briefly explain why Appellant’s six
arguments lack arguable merit.  See Garner v. State, 300 S.W.3d 763, 764
(Tex. Crim. App. 2009) (“[W]hen a court of appeals finds no issues of
arguable merit in an Anders brief, it may explain why the issues have no
arguable merit.”); Bledsoe v. State, 178 S.W.3d 824, 826–27 (Tex. Crim.
App. 2005).

III.  Possible Issues[4]

A.  Completeness of the
Record

Appellant
claimed in his initial pro se Anders brief that the appellate record was
incomplete.  At the State’s request, this court abated these appeals to the
trial court to determine whether the reporter’s record was complete.  At the
time of the abatement hearing in January 2012, Appellant’s August 2, 2010 plea
hearing had been transcribed (and filed in this court as of November 9, 2011)
and was part of the reporter’s record.[5]  Appellant complained to
the trial court, however, that he was “brought out twice before” the court the
morning of the August 2, 2010 plea hearing and that the “very first portion” of
the plea hearing was missing.  The trial court stated, “I think what you’re
asking for is something that wasn’t even on the record  . . . .”  The
trial court then explained, “[W]e researched and looked for everything that we
could possibly have.  And the only thing I have is what I’ve given you.”  The
trial court also issued written findings and conclusions, including that “there
are no missing parts of the reporter’s records that have been filed in
connection with the defendant’s criminal appeals” and that all reporter’s
records, clerk’s records, and supplements in this case “represent true,
accurate, and complete transcriptions of the proceedings before this Court.”[6] 
Giving almost total deference to a trial court’s express determination of
historical facts, we have no reason to dispute the trial court’s
determinations.  See Jaynes v. State, 216 S.W.3d 839, 844 (Tex.
App.—Corpus Christi 2006, no pet.).  Thus, this argument lacks arguable merit.

B. 
Ineffective Assistance of Appellate Counsel

Appellant
also argues that his appellate counsel provided ineffective assistance because
he reviewed only a partial reporter’s record of the proceedings below and,
therefore, could not have conducted the full review of the record required by Anders. 
At the abatement hearing Appellant’s appellate counsel explained,

[A]t the time that I
filed my brief, I had access to all the clerk’s records.  I had access to the
sentencing hearing and I had access to the PSI.  And then as the Court’s aware
later, the record was supplemented with [Appellant’s] August 2nd, 2010, plea
hearing.

 

          Now, I’ve
reviewed the August 2nd, 2010 plea hearing on the date that you provided it to
[Appellant] . . . And I was specific in looking for anything in the plea
hearing that might lead me to believe that [Appellant] — on the record show[ed]
that [Appellant’s] plea was involuntary.  And after reviewing that plea
hearing, I couldn’t find anything in that plea hearing itself that led me to
believe — anything on the record indicating that his hearing was — that his
plea was involuntary; therefore, I did not supplement my brief.  I didn’t file
a motion to withdraw the Anders brief, which I would have done if I would have
seen something in any of the documents included in that plea hearing indicating
that there was a valid point of appeal.

Thus,
it is clear from counsel’s response that he reviewed all of the record and
determined that there were no arguable grounds for appeal.

In
addressing an Anders pro se brief, a court of appeals may only (1)
determine that the appeal is wholly frivolous and issue an opinion explaining
that it has reviewed the record and finds no reversible error or (2) determine
that arguable grounds for an appeal exist and remand the cause to the trial
court so that new counsel may be appointed to brief the issues.  In re
Schulman, 252 S.W.3d 403, 403 (Tex. Crim. App. 2008); Bledsoe, 178
S.W.3d at 826–27.  After reviewing the entire record, we determine that
appellate counsel did not miss any arguable grounds.[7] 
Schulman, 252 S.W.3d at 409; cf. Mason v. State, 65 S.W.3d 120,
120–21 (Tex. App.—Amarillo 2001, no pet.) (striking the Anders brief
because the appellate record was missing the jury selection portion of the
reporter’s record).

C. 
Voluntariness of Plea

Appellant
additionally asserts that his guilty pleas were involuntary.  A guilty plea
must be knowingly and voluntarily made or it will be held constitutionally
invalid.  See Brady v. United States, 397 U.S. 742, 748, 90 S. Ct. 1463,
1469 (1970); Aguirre-Mata v. State, 125 S.W.3d 473, 474 (Tex. Crim. App.
2003).  A record reflecting that a defendant was properly admonished presents a
prima facie showing that the guilty plea was entered knowingly and
voluntarily.  Martinez v. State, 981 S.W.2d 195, 197 (Tex. Crim. App.
1998); Jackson v. State, 139 S.W.3d 7, 14 (Tex. App.—Fort Worth 2004,
pet. ref’d).  The burden then shifts to the defendant to establish that,
notwithstanding the statutory admonishments, he did not understand the
consequences of his plea.  Martinez, 981 S.W.2d at 197; Jackson,
139 S.W.3d at 14.

Here,
Appellant signed written plea admonishments, each of which states that he
entered his plea knowingly and voluntarily and that he was aware of the
consequences of his guilty plea.  Appellant signed judicial confessions in each
case.  In person and in open court Appellant pleaded guilty to all fifteen
charges, and he affirmed that he was pleading guilty because he was guilty. 
Although the record presents a prima facie showing that Appellant knowingly and
voluntarily entered his pleas, Appellant asserts that his pleas were obtained
through coercion and intimidation and were therefore involuntary.  Appellant’s
specific complaint is that he was not aware that the State’s forty-year offer
was available when he entered open pleas of guilty (with no punishment
recommendations).  At Appellant’s plea hearing, however, the trial court
specifically advised Appellant that “[t]here are no plea agreements.  It is an
open plea.  The State is not making you any offer on this.”  Likewise,
Appellant’s counsel elicited the following testimony from Appellant:

Q. [Defense
Counsel]:  And you have already been admonished on a previous occasion that
there was a plea bargain offer made in this case that you rejected?

A. [Appellant]:  Yes,
sir. 

Q.  And by entering
an open plea today, as the Judge said, you have no guarantee that you are going
to do any better and there is a possibility that you could do considerably
worse?  

A.  Yes, sir, I
understand.  

Q.  At any point
during this process, has — do you feel like there has been any miscommunication
between you and I regarding this process, your right to a trial, and what would
be the prudent way for you [to] proceed?

A.  No, I haven’t.

Additionally,
Appellant raised, and the trial court addressed, this issue at the abatement
hearing.  The trial court entered the following related findings and
conclusions afterward:

The defendant
contends his trial counsel failed to notify the defendant of a plea offer of 40
years that was made by the State at the August 2, 2010, plea hearing.  No such
plea offer was made by the State on August 2, 2010.  Instead, the State’s
previous plea offer of [a] 40 year sentence[] had expired in May of 2010.  The
plea paperwork used [i]n connection with the defendant’s August 2, 2010, plea
does have the number “40” scratched out.  However, this reflects the parties’
decision to “recycle” previously completed (and unused) paperwork.  The
deletion of the number “40” from the plea paperwork was not intended by the
State to reflect a plea offer of 40 years’ imprisonment being made available to
the defendant on August 2, 2010.

Thus,
Appellant’s complaint regarding this issue has no arguable merit.

Appellant
additionally asserts that his pleas were involuntary because “his mental compet[e]nce
to enter the plea[s] [was] questionable.”  Appellant asserts (and the PSI
indicates) that Appellant has previously been diagnosed with mood disorder,
schizophrenia, anti-social personality disorder, depressive disorder, and cocaine
dependence.  Appellant asserts that it is clear from the record that he has a
long history of psychiatric issues as well as several instances of severe head
trauma.

A
person is incompetent to stand trial if the person does not have sufficient
present ability to consult with his lawyer with a reasonable degree of rational
understanding or a rational as well as factual understanding of the proceedings
against him.  Tex. Code Crim. Proc. Ann. art. 46B.003(a) (West 2006).  A court
must conduct a competency inquiry only if there is a bona fide doubt in the
judge’s mind as to the defendant’s competence.  Alcott v. State, 51
S.W.3d 596, 601 (Tex. Crim. App. 2001).  A bona fide doubt may exist if the
defendant exhibits truly bizarre behavior or has a recent history of severe
mental illness or at least moderate mental retardation.  Montoya v. State,
291 S.W.3d 420, 426 (Tex. Crim. App. 2009).

Here,
Appellant and his counsel both answered affirmatively that Appellant was
competent to enter his guilty pleas.  When the trial court stated its
understanding that “there were some MHMR issues involved,” Appellant stated
that he was on his medication and that he understood all of the circumstances
concerning these pleas.  Based on his observations and Appellant’s and counsel’s
answers, the trial court found Appellant competent to enter his guilty pleas. 
At the punishment hearing, Appellant addressed the court and asked for leniency
in a four-page colloquy in the reporter’s record.

Appellant’s
mental health diagnoses would implicate his competence at the time of this
guilty pleas only if they impacted his present ability to consult with his
counsel with a reasonable degree of rational understanding and his rational and
factual understanding of the proceedings again him.  See Tex. Code Crim.
Proc. Ann. art 46B.003(a); Hobbs v. State, 359 S.W.3d 919, 925 (Tex.
App.—Houston [14th Dist.] 2012, no pet.).  We find nothing in the record that
would raise a bona fide doubt as to Appellant’s competence at the time of his
guilty pleas.  See id. (“[A]ppellant’s statements at the plea hearing
about his medication and mental illness, which were responsive and articulate,
do not reflect an inability to consult with his attorney or a lack of
understanding of the proceedings against him.”).

D. 
Presentence Report and Gang Affiliation

Appellant
further contends that the presentence investigation report was not conducted
thoroughly or accurately and led to a significantly higher sentence.  Appellant
contends that the PSI was inaccurate in reciting that he acknowledged
“affiliation” with the Aryan Brotherhood while inside prison.  He also contends
that the PSI misreported that he sustained a head injury in 1990, when he
actually sustained it in 2006, and that the proximity in time of his injury to
his 2009 crimes may have had some mitigating influence on his sentencing. 
Appellant contends that he was not allowed adequate access to the PSI, nor time
to consult with his counsel to formulate an objection to the incorrect
information.  He contends that if he had been given adequate time and
assistance of counsel, the trial court would have given him a lesser sentence.

“Unless
waived by the defendant, at least 48 hours before sentencing a defendant, the
judge shall permit the defendant or his counsel to read the presentence
report.”  Tex. Code Crim. Proc. Ann. art. 42.12, '
9(d) (West Supp. 2011).  “The judge shall allow the defendant or his attorney
to comment on a presentence investigation . . . and, with the approval of the
judge, introduce testimony or other information alleging a factual inaccuracy
in the investigation or report.”  Id. '
9(e).

At
the conclusion of Appellant’s guilty pleas, the trial court stated, “We are
going to have the presentence investigation report prepared as expediently as
possible.  After I receive a copy of it, I’ll have your lawyer to have a copy
of it and the State have a copy of it and I’ll bring you back so he can review
it with you and I’ll hear any punishment evidence that he wishes to present.” 
At the punishment hearing, the State asked the trial court to admit a copy of
the PSI into the record for all purposes, Appellant’s counsel stated that he
had no objection, and the trial court entered the exhibit.  Appellant contends
that his counsel “may have had adequate time to review” the PSI, but that he (Appellant)
“was not given this opportunity” and that “the short amount of time he was
allowed,” he was without counsel.  We note that Appellant’s complaint that he
did not have sufficient time to review the PSI is forfeited because it was not
made to the trial court by a timely objection.  See Tex. R. App. P.
33.1.  Even disregarding forfeiture, however, this complaint lacks arguable
merit.  See Torrance v. State, 59 S.W.3d 275, 277 (Tex. App.—Fort Worth
2001, pet. ref’d.) (“We find no case law supporting Appellant’s claim that he
was personally entitled to read the PSI in order to instruct his attorney to
make specific objections.”).

Regarding
Appellant’s complaint that the trial court’s sentencing was based on inaccurate
information in his PSI, the defendant bears the burden to point out any
material inaccuracy in the PSI to the trial court at the time of the sentencing
hearing.  See Garcia v. State, 930 S.W.2d 621, 623–24 (Tex. App.—Tyler
1996, no pet.).  The appellant bears the burden on appeal of showing that the
trial court relied on inaccurate information in determining his sentence.  Id. 
Although Appellant’s counsel did not object on the record to inaccuracies in
the PSI (and in fact stated he had no objection to it being introduced as an
exhibit), Appellant asserts that he preserved error on this issue by telling
the trial court at the sentencing hearing that, “I have hung out, yes, with
Aryan Brotherhood.  I have never joined.  I’ve hung out with them because in prison,
when you’re a 17– or 18–year–old kid out of the suburbs on a prison unit like
B21 in the ‘80s, you ain’t got no choice.  I signed.  I’m not say[ing] that’s
an excuse for what I did when I got out.  Okay.  But I did what I had to
survive in there.”  Appellant also stated, “I’m not a racist.  I don’t want
that to figure in your decision.”  Contrary to Appellant’s argument, his testimony
establishes the accuracy of the PSI; that is, that he affiliated with the Aryan
Brotherhood while in prison.  In any event, the record demonstrates that
Appellant was not harmed by any alleged inaccuracies about his affiliation with
the Aryan Brotherhood while in prison.  See Tex. R. App. P. 44.2(b)
(stating that nonconstitutional errors that do not affect substantial rights
must be disregarded).  Indeed, the trial court stated to Appellant at the
sentencing hearing, “[Y]ou brought up the fact that while you were in the
penitentiary, you associated yourself with the Aryan Brotherhood and you didn’t
want me to take that into consideration, and I don’t.  All I take into
consideration [are] the crime[s] . . . .”[8]

Regarding
Appellant’s argument that the PSI incorrectly stated that he sustained a head
injury in 1990 rather than in 2006, he forfeited this complaint because he
failed to alert the trial court to the alleged inaccuracy.  See Tex. R.
App. P. 33.1.  Even disregarding forfeiture, however, there is no indication
that the trial court would have given Appellant a lesser sentence if the PSI had
stated that Appellant sustained the head injury in 2006.  Indeed, the PSI
states that there appears to be a direct correlation between his criminal
activity and substance abuse.  Likewise, in testifying in the punishment phase
about his culpability in the 2009 crimes, Appellant did not assert that a 2006
head injury mitigated his culpability; instead, he testified, “I have got a
drug addiction. . . .  And when I was out there doing what I was doing, I was
so far strung out and in my drugs.”  Further, in assessing Appellant’s
punishment, the trial court emphasized that Appellant’s use of drugs while
committing his offenses was “frightening” because “[i]f you’re on drugs you
know what you’re doing, but you don’t care what you’re doing because drugs take
over.”  In fact, the trial court explicitly explained the basis for the
sentences imposed:  “All I take into consideration is the crime itself, the
pain and suffering that it’s caused the victims, because the victims are as
important as the person who is standing up here to be sentenced.  I have to
take their lives into consideration just like I take your life into
consideration.”  Thus, the record demonstrates that the alleged inaccuracies
did not harm Appellant because the trial court did not consider them.[9]
 Tex. R. App. P. 44.2(b).  Thus, Appellant’s arguments regarding this issue
have no arguable merit.

IV. 
Conclusion

We
have carefully reviewed the record, counsel’s brief, and Appellant’s and the
State’s filings.  The issues raised in Appellant’s appellate filings have no
arguable merit.  See Bledsoe, 178 S.W.3d at 827.  We agree with counsel
that the appeal is wholly frivolous and without merit.  Accordingly, we grant
the motion to withdraw and affirm the trial court’s judgments.[10]

 

 

PER CURIAM

 

PANEL: 
GARDNER,
WALKER, and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  May 31, 2012









[1]See Tex. R. App. P. 47.4.





[2]Because Appellant pleaded
“true” to the habitual offender notices alleged in each offense, his range of
punishment for the aggravated and nonaggravated robberies was twenty-five to
ninety-nine years or life.  See Tex. Penal Code Ann. ' 12.42(d) (West 2011).  The
habitual offender notice raised Appellant’s punishment range for his state jail
felony forgery charge to two to twenty years’ confinement, a second-degree
felony.  Id. '
12.425 (West Supp. 2011).





[3]In the brief, appointed
appellate counsel asserted that “[a] potential source of error may have been
the voluntariness of Appellant’s guilty plea[s].”





[4]Because Appellant entered
open pleas of guilty, our independent review for potential error is limited to
potential jurisdictional defects, the voluntariness of Appellant’s pleas, error
that is not independent of and supports the judgments of guilt, and error
occurring after entry of the guilty pleas.  See Monreal v. State,
99 S.W.3d 615, 620 (Tex. Crim. App. 2003).





[5]The reporter’s record in
this case also includes the September 17, 2010 sentencing hearing, the November
11, 2010 hearing on “miscellaneous matters,” and the January 24, 2012 abatement
hearing.





[6]In light of the trial
court’s findings and conclusions, the record also does not support Appellant’s
complaint that his PSI hearing immediately preceding his September 2010
sentencing hearing was transcribed and is missing.





[7]Appellant also refers us
to a letter his appellate counsel wrote to him after counsel filed his Anders
brief, in which he incorrectly stated that this court had granted his motion to
withdraw.  Appellant queries whether his appellate counsel adequately
represented his interests at a subsequent “miscellaneous” hearing and at the
abatement hearing, both of which appellate counsel attended and participated
in.  This claim is not relevant to our Anders analysis.  See In re
Schulman, 252 S.W.3d at 409 n.23 (describing appellant’s pro se brief as
“merely an informal opportunity for the indigent defendant to present what he
believes are claims or issues or areas of procedural or substantive concern
that arguably deserve a full merits brief by a second attorney”) (citing Bledsoe,
178 S.W.3d at 827).





[8]For the same reasons,
Appellant was not harmed by the State’s questioning of Appellant’s mother about
what the State characterized as his Aryan Brotherhood tattoos.





[9]Appellant’s speculative
argument—that the trial court would have indirectly considered the alleged inaccurate
information if it based its sentencing in part on the portion of the PSI, which
provides in part that Appellant’s scores on the Wisconsin Risk / Needs Assessment
indicated maximum risk and needs—is not supported by the record.





[10]Notwithstanding that the
motion to withdraw has been granted, appellate counsel must send Appellant a
copy of our decision and notify him of his right to file a pro se petition for
discretionary review in the Texas Court of Criminal Appeals.  See Tex.
R. App. P. 48.4; Ex parte Owens, 206 S.W.3d 670, 673–74 (Tex. Crim. App.
2006).